NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARYANN V. BUCKLEY, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL : <br> SECURITY, : <br> : <br> Defendant. : <br> : | Civil No. 05-4719 (AET) <br><br> **MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J

      This matter comes before the Court on Plaintiff's Motion to Vacate the Court's December 28, 2005 Order dismissing the above-captioned action. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Plaintiff's motion is granted.

BACKGROUND

      Plaintiff Maryann Buckley filed this Social Security appeal on September 28, 2005. Defendant Commissioner of Social Security timely filed her answer on November 30, 2005, as required by L. Civ. R. 9.1(a)(1). Pursuant to L. Civ. R. 9.1(a)(2), Plaintiff was to serve upon Defendant's counsel a "statement setting forth plaintiff's primary contentions or arguments as to why plaintiff is entitled to relief[,]" with a copy to the Court, by December 14, 2005. Plaintiff failed to do so. On December 21, 2005, in response to Plaintiff's failure to file her 9.1(a)(2) statement, the Court sent a letter to James H. Langton, Esq., Plaintiff's attorney of record,

ordering him to "advise the Court as to the reasons, if any, for [his] failure to comply with the requirements of L. Civ. R. 9.1(a)(2), and [to] certify to the Court that [his] prosecution of this matter has thus far otherwise complied with the requirements of L. Civ. R. 9.1, by December 27, 2005." Having received no response to its letter order, the Court issued an Order dismissing the case pursuant to Fed. R. Civ. P. 41(b) on December 28, 2005. Plaintiff now moves to vacate the Court's dismissal pursuant to Fed. R. Civ. P. 60(b).

## DISCUSSION

Rule 60(b) allows the Court to vacate a final judgment for any one of several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b). To proceed under subsection (6) of that Rule, a party must show "'extraordinary circumstances' suggesting that the party is faultless in the delay . . . [but if] a party is partly to blame for the delay, relief must be sought . . . under subsection (1) and the party's neglect must be excusable." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). A party's failure to comply with a filing deadline or an order of the Court constitutes "neglect" when it is attributable to negligence and not to reasons beyond his or her control. Pioneer Inv. Servs. Co., 507 U.S. at 394. Because Plaintiff's failure to comply with L. Civ. R. 9.1(a)(2) and the December 21 letter order is attributable to the negligence of her attorney, the Court will analyze her motion for excusable neglect under Rule 60(b)(1).

"[I]n assessing a claim of excusable neglect a court must consider (1) the reason for the delay, including whether it was in reasonable control of the movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) whether the movant acted in good faith, and

(4) the danger of prejudice to the non-movant." In re Cendant Corp. Prides Litig., 157 F. Supp. 2d 376, 408 (D.N.J. 2001) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395); see also In re Cendant Corp. Prides Litig., 235 F.3d 176, 182 (3d Cir. 2000) (finding that on a Rule 60(b) motion, a district court should determine whether a party has shown excusable neglect by applying the Pioneer Inv. Servs. Co. factors).  The Court's determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co., 507 U.S. at 395.

I.      Reason for the Delay

Plaintiff's counsel, Abraham S. Alter, Esq.[1], offers no explanation for his failure to file a L. Civ. R. 9.1(a)(2) statement by Defendant 14, 2005, as required by that rule.  The Court must therefore presume that no reason outside of Mr. Alter's control exists for that failure.  As to his failure to file a statement by December 27, 2005, as required by the December 21 letter order, Mr. Alter claims that his "attempts to electronically transmit [a statement complying with L. Civ. R. 9.1(a)(2)] were frustrated by an inability to access the 'PACER' electronic website."  Pursuant to the policy of this District, however, a failure to file is not excused because of a technical problem with the filer's equipment.  See L. Civ. R. 5.1; see also Electronic Case Filing Policies and Procedures § 17 (Sept. 1, 2005).  Further, Mr. Alter does not explain his failure to contact this Court or the Clerk of the Court, or to otherwise address the problem, before the expiration of the deadline.  Mr. Alter's technical difficulties do not constitute a reason outside of his control for his failure to comply with the December 21 letter order.

---

[1] Although Mr. Alter has not entered an appearance in this matter, he signed this motion and the accompanying papers.

Because Mr. Alter has provided no reasonable explanations for his failure to comply with either L. Civ. R. 9.1(a)(2) or the December 21 letter order, this factor weighs heavily against a finding of excusable neglect.

B.  Length of the Delay

On January 4, 2006, in conjunction with this motion, Mr. Alter filed with the Court a rather sarcastic and invective-filled letter, apparently intended to serve as a L. Civ. R. 9.1(a)(2) statement.  Treating the letter as such, and noting that the twenty-day delay in filing was of a moderate duration, the Court finds that this factor does not affect the excusable neglect analysis.

C.  Good Faith

The Court notes that the L. Civ. R. 9.1(a)(2) statement filed by Mr. Alter on January 4, 2006, was actually dated December 30, 2005.  However, Mr. Alter claims to have attempted to file the statement before December 27, 2005.  Mr. Alter offers no explanation for this inconsistency, and instead mocks the Court's insistence that he comply with the Local Civil Rules of the District of New Jersey.  In light of this inexplicable conduct on Mr. Alter's part, the Court concludes that he has acted in bad faith in his failure to comply with L. Civ. R. 9.1(a)(2), his failure to comply with the December 21 letter order, and in his pursuit of this Rule 60(b) motion.  Accordingly, this factor weighs very heavily against a finding of excusable neglect.

D.  Prejudice to the Commissioner

Mr. Alter contends that Defendant has not been prejudiced by his "lamentably late" filing, and that this Court has not been more than "incidentally inconvenienced" by his actions.  While the Court notes that Mr. Alter is not in a position to estimate the time and resources his derelictions have caused the Court to expend, it also notes that Defendant agrees that she has not

been prejudiced, and does not oppose this motion.

## CONCLUSION

The Court finds that the excusable neglect factors weigh very heavily against this Plaintiff. Nevertheless, because of the equitable nature of the analysis and Defendant's assent, the Court will grant Plaintiff's motion in an effort to avoid unnecessary harm to Plaintiff attributable to her counsel's imprudent actions.

For the foregoing reasons,

IT IS on this 12th day of January 2006,

ORDERED that Plaintiff's Motion to Vacate the Court's December 28, 2005 Order [6] is hereby GRANTED; and it is further

ORDERED that the above-captioned matter is REOPENED; and it is further

ORDERED that, pursuant to L. Civ. R. 9.1(a)(2), Defendant shall notify Plaintiff whether she agrees that Plaintiff is entitled to relief within thirty days of entry of this Order; and it is further

ORDERED that the parties shall adhere to the procedures of this Court, as promulgated in the Local Civil Rules and the Federal Rules of Civil Procedure.

                                                       s/Anne E. Thompson
                                                   ANNE E. THOMPSON, U.S.D.J.