NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARYANN V. BUCKLEY, | : | |
| Plaintiff, | : | Civil No. 05-4719 (AET) |
| v. | : | |
|  | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court on Plaintiff Maryann V. Buckley's appeal of a final administrative decision by Defendant Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for Social Security disability insurance ("SSDI") benefits. The Court has jurisdiction to decide this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the decision of the Commissioner is vacated and remanded.

BACKGROUND

A.   Procedural History

Plaintiff filed her first application for SSDI benefits on March 24, 1999, alleging that she became disabled as of February 3, 1997. (R. at 40, 64.)[1] Plaintiff's application was denied initially on July 1, 1999, and again upon reconsideration on October 12, 1999. (R. at 23, 30.)

---

[1] Unless otherwise noted, page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer.

Plaintiff requested a hearing, which was held on February 8, 2000 before Administrative Law Judge Richard L. DeSteno (the "ALJ"). (R. at 13, 33, 35.)

The ALJ issued an unfavorable decision on May 15, 2000. (R. at 13-19, 385.) On July 18, 2000, Plaintiff requested a review of the ALJ's decision. (R. at 7-9.) In the meantime, however, Plaintiff had filed a second application for SSDI benefits on June 5, 2000. (R. at 315.) On December 22, 2000, the state agency resolved that claim in Plaintiff's favor, finding that she was disabled as of May 17, 2000. (R. at 315.)

Subsequently, on September 6, 2001, the Appeals Council of the Social Security Administration ("Appeals Council") denied Plaintiff's request for review of her first application for SSDI benefits. (R. at 4-5.) Plaintiff filed an appeal before the District Court on November 8, 2001. (R. at 381-82.) Pursuant to a consent order, the District Court remanded the matter to the Commissioner for further administrative action on May 16, 2003. (R. at 382.)

On February 4, 2004, the Appeals Council entered an order reopening Plaintiff's second, favorable application, consolidating that application with Plaintiff's first application and remanding the case for assignment to an ALJ for further proceedings. (R. at 385-87.) The case was evidently reassigned to ALJ DeSteno, who held a post-remand hearing on the consolidated cases on April 8, 2004. (R. at 326-61.) In a written opinion dated April 16, 2004, the ALJ denied Plaintiff's consolidated applications, and the Appeals Council denied Plaintiff's request for review of that decision on July 28, 2005. (R. at 291-325.) As a result, the ALJ's decision became the Commissioner's final decision. Having exhausted her administrative remedies, Plaintiff timely filed an appeal before this Court on September 28, 2005. (R. at 381-82.)

B.    Plaintiff's Medical and Work History

Plaintiff is currently sixty-four years old, and has a high school education. (R. at 316.) She was employed as an import manager with an importer/manufacturer from 1976 until February 1997. (R. at 259.) Plaintiff suffers from arthritis of her knees and back, atrial fibrillation, a thyroid cyst, and swollen hands. (R. at 315.) Plaintiff alleges that disability due to these maladies forced her to stop working on February 3, 1997. (R. at 315.)

## DISCUSSION

A.      Standard of Review

This Court has plenary review of the Commissioner's application of the law, and reviews the Commissioner's findings of fact to determine whether they are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). The Court is required to review the entire record when making those determinations. 5 U.S.C. § 706; Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consol. Edison Co. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938)). The Commissioner's decision is afforded a great amount of deference; the Court should not "set the decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

B.      The ALJ's Decision

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is not under a disability unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Because the Commissioner has adopted the ALJ's decision as her final determination, the Court will review that decision. See 20 C.F.R. § 404.981, 416.1481. The Social Security Administration has promulgated a five-step evaluation to determine whether an individual is disabled. See 20 C.F.R. § 404.1520; see generally Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). In step one, the Commissioner decides whether the claimant is currently engaging in substantial gainful activity. If so, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). In step two, the Commissioner determines whether the claimant is suffering from a severe impairment. If the impairment is not severe, the claimant is not eligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(ii). If the Commissioner finds that the claimant has a severe impairment in step two, then the analysis continues under step three, where the Commissioner must determine whether the medical evidence indicates that the claimant's impairment is equivalent to an impairment listed in 20 C.F.R. Part 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(a)(4)(iii). If it is, the claimant is automatically eligible for SSDI benefits. Id.

If the Commissioner finds that the claimant's impairment does not match one of the listed impairments, then the analysis continues under step four. 20 C.F.R. § 404.1520(a)(4)(iv). In

step four, the Commissioner reviews whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work.  Id.  "'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  Hartranft, 181 F.3d at 359 n.1 (citing 20 C.F.R. § 404.1545(a)).  If a claimant can perform his past relevant work, he is not eligible for disability benefits.  20 C.F.R. § 404.1520(f).  Finally, in step five, the Commissioner considers whether other work "exist[s] in significant numbers in the national economy that the claimant can perform given his age, education, past work experience, and residual functional capacity."  Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002) (citing Plummer, 186 F.3d at 428); see also 20 C.F.R. § 404.1520(a)(4)(v).  In this final step, "the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in order to deny a claim of disability."  Plummer, 186 F.3d at 428.  If there is such work, the claimant is not eligible for benefits.  20 C.F.R. § 404.1520(g).

  In the instant case, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act on or prior to her "date last insured" ("DLI") of December 31, 2002. The ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff suffered, on or before her DLI, from a severe impairment involving degenerative changes of the knees and the facet joins of the lumbosacral spine, atrial fibrilation, and a thryoid cyst; (3) Plaintiff's impairment did not meet or equal any of the listed impairments in Appendix 1; and (4) Plaintiff had, on and prior to her DLI, the RFC "to perform work involving lifting and carrying objects weighing up to 20 pounds; frequently lifting and carrying objects weighing up to 10 pounds; standing and walking up to four hours; and sitting up

to six hours in an eight-hour day; and pushing and pulling arm but not leg controls," and Plaintiff's past relevant work as an import manager did not prevent her, on and prior to her DLI, from performing her past relevant work.  (R. at 324.)

C.      Bias or the Appearance of Bias

Plaintiff asks the Court to remand this case to a different ALJ because "the ALJ's conduct and written decision raises [sic] the unmistakable appearance and the inescapable inference of bias against the claimant, her attorneys and her claim." (Pl.'s Br. at 12.)  Plaintiff alleges that this bias was evidenced by the ALJ's "refus[al] to abide by the Appeals Council Order" and by the ALJ's unwillingness to consider the testimony of Dr. Albert G. Mylod, whom the ALJ accused "of bias for financial gain." (Pl.'s Br. at 12.)  This Court may consider Plaintiff's claim of bias in the context of its present review of the ALJ's adverse decision.  See Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (citing Hummel v. Heckler, 736 F.2d 91 (3d Cir. 1984)); see also 20 C.F.R. §§ 404.940, 416.1440.

Due process requires that any hearing afforded a social security claimant be full and fair. Ventura, 55 F.3d at 902.  "Essential to a fair hearing is the right to an unbiased judge." Id.  A judge must not only be unbiased, but must avoid the appearance of bias.  See SEC v. Antar, 71 F.3d 97, 101 (3d Cir. 1995).  "The right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases." Ventura, 55 F.3d at 902.  "The impartiality of the ALJ is thus integral to the integrity of the [disability review process]." Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir. 1996).

Bias or the appearance of bias on the part of an ALJ might be a ground for remanding or setting aside a determination adverse to the claimant, even if that determination was supported by

substantial evidence in the record or "if the record [is] totally devoid of evidence supporting a finding of disability." Ventura, 55 F.3d at 904 (citing Hummel, 736 F.2d at 92). Because a claimant is "entitled to have the evidence evaluated by an unbiased adjudicator," the Court may order the Commissioner to assign the case to a different ALJ on remand where there is evidence of bias. Id. at 904-05; see also 20 C.F.R. § 404.940; Miles, 84 F.3d at 1401.

In the instant case, the Court concludes that ALJ's conduct and written decision raise the appearance of bias against Plaintiff, and give rise to serious fairness concerns. In his initial opinion of May 15, 2000, the ALJ found that the expert opinion of Dr. Mylod was "not supported by objective record evidence" and that Dr. Mylod was inherently biased because he had been hired by Plaintiff. (R. at 16, 17.) In its February 4, 2004 order, the Appeals Council remanded to the ALJ for further consideration and an explanation of his decision to reject Dr. Mylod's testimony, among other reasons. The Appeals Council stated that it remanded the case

> for resolution of the following issues: . . .
>
> The hearing decision does not contain an adequate evaluation of the nonexamining source opinion of Dr. Albert G. Mylod, who testified as a medical advisor. The decision discounts the testimony of the physician because the physician was hired by the claimant to testify. . . .
>
> Upon remand, the Administrative Law Judge will: . . .
>
> Give further consideration to the nonexamining source opinions pursuant to the provision of 20 CFR 404.1527 and Social Security Ruling 96-6p and provide the weight given to such opinion evidence.

(R. at 386.)

The ALJ's April 16, 2004 opinion reiterates at some length his finding that Dr. Mylod was biased in favor of disability claimants in general and in favor of Plaintiff in particular, and

includes the following comment: "In dozens of cases before me as claimant's witness, Dr. Mylod has never testified consistent with a finding of not disabled." (R. at 321.) Putting aside the great unlikelihood that Dr. Mylod would be called by a claimant to testify that the claimant is not disabled, this statement is not consistent with the ALJ's duty "to develop a full and fair record, . . . carefully weigh the evidence, [and give] individualized consideration to each claim that comes before him." See Miles, 84 F.3d at 1401 (finding that comments similar to those in the present case made by an ALJ "reflect that the process was compromised in this case"); see also Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981). Further, the ALJ's opinion devotes a considerable amount of space to criticizing the Appeals Council's remand order, which the ALJ found "puzzling and troubling" and which he faults for being based "on gross misrepresentations" and for using out-of-date terminology. (R. at 320.)

In addition, the record reflects that the ALJ previously came into conflict with Dr. Mylod and the Appeals Council in a remarkably similar fashion. In Leach v. Barnhart, the Third Circuit found that the ALJ's determination that Dr. Mylod was an inherently biased witness was inconsistent with Dr. Mylod's "extensive experience testifying on behalf of the Commissioner and on behalf of complainants." Leach v. Barnhart, 94 Fed. App'x 910, 912 (3d Cir. 2004); (R. at 308). Based on the ALJ's hostility towards the Appeals Council's remand order, his lack of interest in exploring the issues raised by Dr. Mylod, and his decision not to examine Dr. Mylod, the Third Circuit remanded to the Commissioner with instructions to award benefits to the claimant without holding further proceedings. Id. at 913 n.1; (R. at 309).

The record in this case portrays an ALJ more concerned with internecine disputes with the Appeals Council and the taking of umbrage than with providing Plaintiff with the full and fair

hearing before an impartial adjudicator to which she is entitled. Accordingly, the Court holds that Plaintiff is entitled to a new hearing before a different ALJ. In light of this disposition, the Court will not reach the issue of whether the ALJ's decision was supported by substantial evidence. See Ventura, 55 F.3d at 904-05.

## CONCLUSION

For the above-mentioned reasons, the Court vacates and remands the Commissioner's determination for further proceedings consistent with this opinion. An appropriate order is filed herewith.

                                                       s/Anne E. Thompson
                                                      ANNE E. THOMPSON, U.S.D.J.

Dated: September 6, 2006